UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DONALD W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security,[2] <br><br> Defendant. | No. 5:23-CV-043-H-BQ |

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendations (FCR) (Dkt. No. 22) of Magistrate Judge D. Gordon Bryant and the objection filed by the plaintiff, Donald W. (Dkt. No. 23). The plaintiff brought this complaint to challenge the Administrative Law Judge's (ALJ) denial of the plaintiff's application for disability insurance benefits and supplemental security income. *See* Dkt. No. 1. After the matter was fully briefed, Judge Bryant recommended that the Court affirm the ALJ's decision and dismiss the plaintiff's case with prejudice. *See* Dkt. No. 22. Having reviewed the briefing and the applicable law, the Court overrules the plaintiff's objection because it raises an

---

[1] To protect the privacy of the plaintiff, the Court only identifies him by first name and last initial.

[2] The Court notes that O'Malley was sworn in as Commissioner of Social Security in December 2023, and so it has updated the style of this case accordingly.

argument not properly before the Court. Therefore, the FCR is adopted in full, the ALJ's decision is affirmed, and the complaint is dismissed with prejudice.

1. **Factual and Procedural Background**

The plaintiff filed an application for disability insurance benefits and supplemental social security income with the Social Security Administration (SSA). Dkt. No. 8-1 at 243, 257. The plaintiff's claims were denied initially and then again upon reconsideration. *Id.* at 97, 120. The plaintiff then requested and received a hearing before an ALJ. *Id.* at 155. At that hearing, the plaintiff was represented by counsel and testified on his own behalf. *Id.* at 54–70. Further, a vocational expert (VE) also testified. *Id.* at 70–77.

The ALJ ultimately determined that the plaintiff was not disabled because "there [were] jobs that exist in significant numbers in the national economy that the claimant c[ould] perform." *Id.* at 36–37 (emphasis omitted). The Appeals Council denied the plaintiff's request for review. *Id.* at 7. After the ALJ's decision became final—and thus the Commissioner of Social Security's final decision[3]—the plaintiff brought suit to challenge the decision. *See generally* Dkt. No. 1.

The plaintiff filed a brief in support of his complaint, Dkt. No. 19, and the Commissioner filed a brief asking that the Court affirm the ALJ's decision, Dkt. No. 20. The plaintiff replied to the Commissioner's brief. Dkt. No. 21. Upon consideration of the parties' filings and the applicable law, Judge Bryant issued an FCR recommending that the

---

[3] *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).

Court dismiss the plaintiff's complaint with prejudice.  Dkt. No. 22.  The plaintiff filed one objection to the FCR.  Dkt. No. 23.  The FCR is now ripe and before the Court.

**2.      Legal Standards**

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).  By contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations only for plain error.  *See Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).  Objections to the FCR must be specific; they must "put the district court on notice of the urged error."  *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984).  "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found."  *Thompson v. Bumpas*, No. 4:22-cv-0640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)).  Arguments that could have been raised before the magistrate judge, but are raised for the first time in an objection, are waived.  *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 539 (5th Cir. 2018).

**3.      Analysis**

The plaintiff raises only one objection to the FCR.  Dkt. No. 23.  The plaintiff argues that the ALJ erred because the "decisional [residual functional capacity (RFC)] does not match the RFC hypothetical presented to the [vocational expert]."  *Id.* at 1.  The plaintiff argues that remand is necessary because there is no evidence that the plaintiff can perform

3

the jobs cited at Step Five of the ALJ decision. *Id.* Without addressing the merits of the plaintiff's objection, his argument is foreclosed because the plaintiff has waived the argument by failing to raise it before the magistrate judge.

The plaintiff's objection is not an objection within the meaning of the law,[4] but rather an attempt to introduce a new argument as to why the ALJ erred. "A party's entitlement to de novo review before the [d]istrict [c]ourt upon filing objections to an FCR does not entitle h[im] to raise issues which were not adequately presented to the [M]agistrate [J]udge." *Linda Michelle M. v. Saul*, No. 3:19-CV-00328-B-BT, 2020 WL 470279, at *1 (N.D. Tex. Jan. 28, 2020); *see also Cupit*, 28 F.3d at 535. The plaintiff proffered two arguments in support of his complaint. *See generally* Dkt. No. 19. First, the plaintiff argued that the "ALJ's evaluation of the medical opinion" by the plaintiff's doctor did not comply with controlling law. *Id.* at 5–8. Second, the plaintiff argued that the "ALJ improperly evaluated [the p]laintiff's complaints of symptoms and pain." *Id.* at 8–11. His reply similarly addressed only those two arguments. *See* Dkt. No. 21. In contrast, in his objection, the plaintiff alleges that the ALJ erred by inappropriately relying on the vocational expert's testimony. *See* Dkt. No. 23 at 1–3. That argument is entirely novel to this proceeding. *See* Dkt. Nos. 1[5]; 19; 22; 23.

Because the plaintiff chose to wait until his objection to assert this argument, the Commissioner did not have a chance to brief this issue. As a result, the Magistrate Judge was not able to properly consider the plaintiff's concerns with the VE's testimony. By

---

[4] That is, something that puts the Court on notice of an alleged error in the FCR. *See Williams*, 724 F.2d at 511.

[5] The plaintiff's complaint contains simple allegations that the "conclusions and findings of fact [made by the defendant] are not supported by substantial evidence and are contrary to law and regulation." Dkt. No. 1 at 2.

waiting to raise that argument until this late stage, the plaintiff has waived consideration of it. *See Cupit*, 28 F.3d at 535; *see also Saul*, 2020 WL 470279, at *1–2. In short, the Court overrules the plaintiff's objection because it constitutes a new argument not fairly before the Magistrate Judge, and it has thus been waived. *See Saul*, 2020 WL 470279, at *2.

### 4. Conclusion

The Court overrules the plaintiff's objection and adopts the FCR in full. The plaintiff's objection only asserted an argument that is not properly before the Court. Therefore, there are no properly objected-to portions of the FCR before the Court. Having reviewed the remainder of the FCR for plain error, the Court finds none, adopts the FCR in full, and dismisses the plaintiff's complaint with prejudice. The Court will enter a judgment in accordance with Federal Rule of Civil Procedure 58 in a separate document.

So ordered on March 8, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE